# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAREDX, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATERA, INC., <br><br> Defendant. | C.A. No. 19-cv-662-CFC-CJB <br><br> **JURY TRIAL DEMANDED** |

## SCHEDULING ORDER

This 17th day of January, 2020, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on January 13, 2020, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **ten (10)** days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference.

2. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **March 2, 2020.**

1

3. **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Discovery Cut Off.</u> All discovery in this case shall be initiated so that it will be completed on or before **July 24, 2020**.

    b. <u>Document Production.</u> Document production shall be substantially complete by **May 15, 2020**. The parties agree to meet and confer in good faith at an appropriate time in order to discuss any modifications to the District of Delaware Default Standard.

    c. <u>Requests for Admission.</u> A maximum of **25** requests for admission are permitted for each side. Each side is permitted an unlimited number of requests for admission for authentication of documents, subject to objections based on undue burden. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.

    d. <u>Interrogatories.</u>

        i. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

        ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e. <u>Depositions</u>.

i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **49** hours of taking testimony by deposition upon oral examination.

ii. <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Nothing in the foregoing prevents the parties from using mutually acceptable deposition locations that are convenient for the witnesses.

f. <u>Disclosure of Expert Testimony</u>.

i. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **August 7, 2020** The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **September 4, 2020**. Reply expert reports from the party with the initial burden of proof are due on or before **September 23, 2020**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow*

3

*Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    g.    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

        i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.    Should counsel find, after good faith efforts—including **verbal** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:

4

> [provide here a non-argumentative list of
> disputes requiring judicial attention]

   iii. The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters -- Motion to Resolve Discovery Dispute."

   iv. The Court will thereafter set a discovery telephone conference. Not less than ninety-six (96) hours prior to the teleconference, excluding weekends and holidays, the moving party shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reasons for its opposition. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) sworn declarations or affidavits regarding those issues. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments to the Clerk's Office within one hour of e-filing.

   v. Should the Court find further briefing necessary upon the

conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

      vi.    Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall submit a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve a protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____ Lead Counsel: \_\_\_\_\_
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

      vii.    The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters -- Joint Motion to Resolve Protective Order Dispute."

      viii.    The Court will thereafter set a protective order dispute

teleconference.

          ix.    Not less than ninety-six (96) hours prior to the teleconference, excluding weekends and holidays, each party shall file with the Court a letter, not to exceed two (2) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission should include the party's proposal as to how the content of the disputed portion(s) of the protective order should read. Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, each party may file a letter, not to exceed two (2) pages, in no less than 12-point font, outlining that party's response to the opposing party's initial letter. Each party shall submit two (2) courtesy copies of its protective order dispute letter and any attachments to the Clerk's Office within one hour of e-filing.

          x.    Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

4.    **Motions to Amend**.

    a.    Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter

7

requesting a teleconference to address the motion to amend.

    5.    **Motions to Strike**.

        a.    Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

        b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

        c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

    6.    **Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the

parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7. **Papers Filed Under Seal**. When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

8. **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

9. **ADR Process**. Having discussed the ADR process during the Rule 16 scheduling conference, the Court will schedule one or more teleconferences to discuss ADR with the parties during the pendency of this case.

10. **Interim Status Report**. On **June 5, 2020**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

11. **Case Dispositive Motions.**
   a. No early motions without leave. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 30, 2020**. No case dispositive motion under Rule 56 may be filed more than ten days

9

before the above date without leave of the Court. Responsive briefs shall be filed no later than **November 20, 2020**. Reply briefs shall be filed no later than **December 4, 2020**.

        b.    <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case). Any party who opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

        c.    <u>Focus of the Concise Statement</u>. When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The parties may extract and highlight the relevant portions of each referenced document, but shall ensure that enough of a document is attached to put the matter in context. If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript

10

would be preferable to a full-size transcript. If an entire miniscript is submitted, the index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit. Concise statements of fact shall comply with paragraphs 4, 9, and 16 of Judge Connolly's Scheduling Order for Non-Patent Cases.

        d.      <u>Word Limits for Concise Statement</u>. The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,500 words.

        e.      <u>Affidavits and declarations</u>. Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

        f.      <u>Scope of Judicial Review</u>. When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

12.  <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.  <u>Pretrial Conference</u>. On **February 25, 2021** the Court will hold a Rule 16(e) final

pretrial conference in court with counsel beginning at 4:00 p.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of 750 words of argument and may be opposed by a maximum of 750 words of argument, and the party making the *in limine* request may add a maximum of 250 words in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single 750-word submission (and, if the moving party, a 250-word reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. Page/Word Limitations. Where page limits are specified by order or rule, the parties shall use a word-count limit. For each page allowed by order or rule, the parties shall use up to 250 words. For example, where the page limit specified by rule is 20 pages, the maximum number of words for a party's submission would be 5,000 (20 x 250). A certification as to the total number of words must be included in any submission.

16. Font. The text for all briefs, letters, motions, and concise statements of fact shall be 14-point and in Times New Roman or similar typeface. Each such filing must include a certification by counsel that the filing complies with the type, font, and word limitations set

12

forth in this Order. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the filing.

17. Compendium of Cases. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 9 of Judge Connolly's Scheduling Order for Non-Patent Cases.

18. Jury Instructions, Voir Dire and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

19. Trial. This matter is scheduled for a 5-day jury trial beginning at 9:00 a.m. on **March 8, 2021** with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

20. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE