IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAREDX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No. 19-662-CFC | |
| | ) | |
| NATERA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Pending before me are Defendant Nateras, Inc.'s objections (D.I. 32) to the Magistrate Judge's Report and Recommendation issued on December 20, 2019 (D.I. 28). The Magistrate Judge recommended in his Report and Recommendation that I deny in part and grant in part Natera's motion to dismiss the Complaint filed by Plaintiff CareDx, Inc. (D.I. 8). I have reviewed the Report and Recommendation, the objections, and CareDx's response (D.I. 35).

Natera objects to the Magistrate Judge's recommendation that I deny Natera's motion insofar as it seeks to dismiss Counts One and Three of the Complaint. Count One alleges false advertising under the Lanham Act, 15 U.S.C. § 1125(a). Count Three alleges unfair competition. The Magistrate Judge had the authority to make his findings and recommendation under 28 U.S.C. § 636(b)(1)(B). I review his findings and recommendation *de novo*. § 636(b)(1);

*see also* Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

**Count One**

Natera makes two principal objections to the Magistrate Judge's recommendation that I not dismiss Count One. First, it argues that the Magistrate Judge erred in concluding that allegations of potential future harms are sufficient to establish the proximate cause element of a Lanham Act claim. The language of the Lanham Act, however, expressly authorizes suit by a plaintiff "who believes that he or she is or *is likely to be* damaged by" a defendant's false advertising. § 1125(a) (emphasis added). And, as the Magistrate Judge noted, "courts have consistently indicated that a plaintiff has standing to bring a false advertising claim where it sufficiently alleges that it is *likely* to be damaged by a defendant's false representations." D.I. 28 at 11 n.6 (collecting cases).

Second, Natera argues that the Magistrate Judge erred in concluding that the Complaint alleges "facts that would show that the at-issue statements are *false and misleading*." D.I. 32 at 6 (emphasis in original). According to Natera, "[t]he Complaint does not allege that Natera misquoted or misrepresented any of the figures set forth in the relevant studies, or that Natera failed to correctly cite the publicly available scientific studies." *Id.* This assertion is a red herring. Of

course the Complaint does not allege misquoting, incorrect citation, or misrepresenting the figures cited in the relevant studies. The thrust of the Complaint is that Natera falsely and misleadingly suggested that the relevant studies show that Natera's product was superior to CareDx's product when in fact (1) the studies are not head-to-head studies that would support comparisons of the two competing products and (2) the Natera study is flawed and unreliable. D.I. 1 ¶¶ 4, 27. An implicit premise of these allegations is that Natera accurately quoted and cited the relevant studies and the figures in those studies. The Complaint alleges that Natera "manipulate[ed] . . . [the Natera Study's] test results," *id.* ¶ 38, and "ma[d]e false and misleading representations about the Natera Study's Results," *id.* at 14; the Complaint did not allege, and need not have alleged, that the reported test results were themselves false statements.

Natera's contention that the Magistrate Judge erred in concluding that "CareDx does not challenge statements made in the Natera Study Publication itself," D.I 28 at 20, fails for the same reason. Again, the Complaint does not take issue with any particular statement in the Natera Study (or any other study); rather, it alleges that the Natera study was flawed and that, "[e]ven putting aside" the question of its validity, the study's "methodology . . . differs so significantly [from the methodology employed by the CareDx study] that it is entirely improper to

3

draw meaningful or reliable comparisons between the performance of the two products" that were tested respectively in the two studies. D.I. 1 ¶ 4.

Natera's assertion that its advertisements on which the Complaint relies "do nothing to suggest any head-to-head study," D.I. 32 at 8, is easily dismissed. The alleged false advertisements set forth in the Complaint *do* suggest a head-to-head study. For example, the Complaint alleges that a June 2018 Press Release issued by Natera stated that "the performance data" from the study of Natera's product "compares favorably against the competition [citation to the CareDx Study], which reported only 59% sensitivity in a 2017 study." D.I. 1 ¶ 40 (brackets in original). The CareDx study cited in the Press Release was for the CareDx product that competes directly with Natera's product. Thus, as the Magistrate Judge correctly noted, the Complaint's allegations "expressly compare the assays that *directly relate to* [the parties' competing] *products*." D.I. 28 at 19 (emphasis in original).

Natera's assertion that "[a]ll that is pled is a disagreement in how the science was conducted" in the Natera Study, D.I. 32 at 7, is similarly belied by the express language of the Complaint. As noted above, the Complaint alleges that "[e]ven *putting aside* the substantial flaws that render the Natera Study unreliable, the methodology of the two studies differs so significantly that it is entirely improper to draw meaningful or reliable comparisons between the performance of the two

4

products" that were tested respectively in the two studies. D.I. 1 ¶ 4 (emphasis added).

In short, none of Natera's arguments persuade me that the Magistrate Judge erred in denying Natera's motion to dismiss Count I.

**<u>Count Three</u>**

Natera argues that the Magistrate Judge erred in not dismissing CareDx's unfair competition claim because the Complaint failed to allege with sufficient particularity "a reasonable expectation of entering a valid business relationship, with which the defendant wrongly interferes, and thereby defeats the plaintiff's legitimate expectancy and causes him harm." D.I. 32 at 9. I agree with the Magistrate Judge, however, that even though the Complaint's allegations on this topic "could have been more factually robust," D.I. 28 at 27, they are sufficient to withstand a motion to dismiss. I am persuaded that the allegations in paragraphs 51, 52, 53, and 69 of the Complaint provide adequate notice to Natera of the unfair competition claim.

WHEREFORE, on this 24th day of January in 2020, IT IS HEREBY ORDERED that:

1. Defendant's Objections to the Magistrate Judge's Report and Recommendation (D.I. 32) are OVERRULED;

2. The Report and Recommendation (D.I. 28) is ADOPTED;

3. Defendant's motion to dismiss (D.I. 8) is GRANTED IN PART AND DENIED IN PART;

4. Counts II and IV are DISMISSED WITHOUT PREJUDICE; and

5. Plaintiff shall have 14 days from today to file an amended complaint.

                                                     */s/ Colm F. Connolly*
                                            UNITED STATES DISTRICT JUDGE