IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAREDX, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATERA, INC., <br><br> Defendant. | Civil Action No. 19-662-CFC-CJB |

## MEMORANDUM ORDER

Plaintiff CareDx, Inc. has brought claims of false advertising under the Lanham Act, common law unfair competition, and the Delaware Unfair or Deceptive Trade Practices Act against Defendant Natera, Inc. based on Natera's marketing campaign for its Prospera organ transplant test. D.I. 45 ¶¶54–73. Pending before me is Natera's Motion for Summary Judgment of Counts 1, 2, and 3 of CareDx's First Amended Complaint. D.I. 163.

The motion is really a combination of at least three motions. It arguably comprises nine motions, as it seeks summary judgment based on lack of proof of three elements for each of the three asserted claims. *See* D.I. 164 at 2. Since it was filed as a single motion, I will treat it that way.

In its Concise Statement of Facts filed in support of the motion, Natera identified the following fact as material to the motion and not in dispute: "Natera's website accurately states based on the cited studies (here, Sigdel and Huang) that Prospera is '[m]ore sensitive and specific than current assessment tools [including CareDx's AlloSure] across all types of rejection[.]'" D.I. 168 ¶ 15. CareDx disputes this assertion of fact. It states that "Natera's claim that Prospera is more specific than AlloSure is literally false." D.I. 203 ¶ 15; D.I. 202 at 4. And it cites record evidence that appears to support its position. *See* D.I. 203, Ex. 7 (Natera's expert affirming that the statement from Natera's website refers to AlloSure), Ex. 14 at Appx000290 ("Natera's own study documents that AlloSure has the higher specificity number."), Ex. 12 at Appx000235 (reporting the specificity of Prospera from Natera's study as 72.6%), Ex. 13 at Appx000255 (reporting the specificity of AlloSure from CareDx's study as 85%).

Because there is at least one disputed fact that Natera has said is material to its motion for summary judgment, I will deny the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

NOW THEREFORE, at Wilmington this Twelfth day of April in 2021, **IT**

**IS HEREBY ORDERED** that Natera's Motion for Summary Judgment (D.I. 163) is **DENIED**.

                                         _____
                                         UNITED STATES DISTRICT JUDGE