IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAREDX, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATERA, INC., <br><br> Defendant. | Civil Action No. 19-662-CFC-CJB |

## MEMORANDUM ORDER

Defendant Natera, Inc. has brought counterclaims of false advertising under the Lanham Act, tortious interference with prospective economic advantage, unfair competition under Delaware law, and violation of the Delaware Uniform Deceptive Trade Practices Act against Plaintiff CareDx, Inc. Pending before me is CareDx's Third Motion for Partial Summary Judgment. D.I. 172. CareDx seeks by its motion summary judgment in its favor on Counts IV, V, VI, and VII of Natera's Counterclaims with respect to CareDx's statements describing AlloSure's performance parameters using different "dd-cfDNA" thresholds. D.I. 172.

In its Concise Statement of Facts filed in support of the motion, CareDx identified the following fact as material to the motion and not in dispute: "Dr. Makuch does not contend that the figures in the Threshold Documents contain

false statements regarding AlloSure's performance, but rather testified that they are ambiguous." D.I. 175 ¶ 3. Natera disputes this assertion of fact. It states that "Dr. Makuch opined and testified that the referenced advertisements are false[.]" D.I. 216 ¶ 3. And it cites record evidence that appears to support its position. *See* D.I. 216, Ex. 10 at 194:19–196:25 (Dr. Makuch testifying that CareDx's statement that AlloSure has "95 percent [negative predictive value] for active rejection" found in the advertisements "is false and misleading").

Because there is at least one disputed fact that CareDx has said is material to its motion for summary judgment, I will deny the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

NOW THEREFORE, at Wilmington this Twenty-first day of April in 2021, **IT IS HEREBY ORDERED** that CareDx's Third Motion for Partial Summary Judgment (D.I. 172) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE