IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAREDX, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 19-662-CFC |
| | ) |
| NATERA, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Plaintiff CareDx, Inc. and Defendant Natera, Inc. make and sell competing diagnostic tests used to help treat kidney transplant patients. CareDx's test is called AlloSure. Natera's test is called Prospera.

CareDx sued Natera for false advertising. In a trial held last year, CareDx asked the jury to find that ten specific advertisements in a marketing campaign conducted by Natera were literally false under the Lanham Act. By the agreement of the parties, the jury was instructed that "[o]nly an unambiguous message can be literally false," D.I. 346 at 6–7; and that, in order for it to find an advertisement literally false, the jury "must decide first whether the claim conveys an unambiguous message, and, second, whether the unambiguous message is false." D.I. 346 at 146:5–7. The jury found that nine of the ten challenged advertisements constituted false advertising.

CareDx has moved pursuant to Federal Rule of Civil Procedure 50 for judgment as a matter of law that Natera "is liable for false advertising under the Lanham Act for claiming that Prospera can detect TCMR [(T cell-mediated rejection)] and AlloSure cannot." D.I. 341. A jury verdict should be overturned under Rule 50 "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Fultz v. Dunn*, 165 F.3d 215, 218 (3d Cir. 1998) (internal quotation marks and citation omitted).

The advertisement for which CareDx failed to establish liability was identified in the Verdict Sheet as "Alleged Advertising Claim I." D.I. 329 at 12. Alleged Advertising Claim I was described in the Verdict Sheet as "[t]he advertisement to the right," and the image to the right of that description was this:

> **Now — catch ALL rejection types with a single blood draw**
> Prospera's unique ability to identify T cell-mediated rejection gives a more comprehensive view of your patient's rejection status.[2,5]
>
> | Rejection Types | Prospera[2] | First-generation dd-cfDNA[6] |
> |---|---|---|
> | Antibody-mediated rejection (ABMR) | Yes | Yes |
> | T cell-mediated rejection (TCMR) ≥ IA | Yes | No |

D.I. 329 at 12.

The premise of CareDx's motion is that Alleged Advertising Claim I "claims that Prospera detects TCMR and AlloSure does not." D.I. 342 at 5. But a rational juror could have concluded from the image of Alleged Advertising Claim I in the Verdict Sheet that Alleged Advertising Claim I does not unambiguously state or imply that "Prospera detects TCMR and AlloSure does not." Based on the phrases "Prospera's unique ability" and "more comprehensive" positioned above the chart in the image, a rational juror could have concluded, for example, that the advertisement merely suggests that Prospera provides a better ability to identify TCMR.

The verdict sheet asked the jury to find whether "CareDx prove[d] by a preponderance of the evidence that Natera [wa]s liable for false advertising for Alleged Advertising Claim I?" D.I. 329 at 12. The Verdict Sheet did not ask the jury to find whether Alleged Advertising Claim I claimed that Prospera detects TCMR and AlloSure does not. Nor did the Verdict Sheet ask the jury to find whether CareDx proved that Natera was liable for false advertising for claiming that Prospera detects TCMR and AlloSure does not.

Finally, I note that even if the jury had been asked to find whether Natera was liable for false advertising under the Lanham Act for claiming that Prospera

3

can detect TCMR and AlloSure cannot, there was sufficient record evidence to support a finding of no liability. *See, e.g.,* JTX1-7; JTX2-1,-3; DTX5-1,-6.

NOW THEREFORE, at Wilmington on this Seventeenth day of July in 2023, it is HEREBY ORDERED that CareDx's motion for judgment as a matter of law (D.I. 341) is DENIED.

_____
CHIEF JUDGE